MILLER AND OTHERS

*v.*

THE RICHMOND, FREDERICKSBURG AND POTOMAC RAILROAD
COMPANY.

(*Supreme Court of Appeals of Virginia, March, 1879.*)

[Virginia Law Journal, 1879, p. 172.]

City Ordinance Prohibiting Use of Steam Engine on Certain Streets
of City—Violation of—Injunction to Prevent—Case at Bar.

.On the 8th of September, 1873, the council of the city of Rich-
mond passed an ordinance prohibiting the R. F. & P. R. R. Com-
pany from using steam engines on that part of Broad street in
said city east of Belvidere street after the 1st of January, 1874,
under a penalty of not less than $100 nor more than $500 for each
violation of the ordinance. Notwithstanding the ordinance, the
railroad company continued to use the steam engines on that part
of the street prohibited by said ordinance after the said 1st of
January, 1874, and on the 2d of January, 1874, it was summoned
before the police justice of the city to answer the city of Rich-
mond for the violation of said ordinance. The company admitted
the violation of the ordinance, but denied its validity, on grounds
not necessary to be here stated. The police justice held that the
ordinance was valid, and imposed a fine of $500 on the company
for the violation, and from this decision the company appealed to
the circuit court of the city of Richmond, which, on the 29th of
June, 1874, affirmed the judgment of the police justice, but sus-
pended the execution of its judgment for ninety days, to allow the
company to apply to the supreme court of appeals for a writ of
error to said last-named judgment. During the pendency of the
appeal from the police justice, in the case of the City of Richmond
*v.* The Railroad Company in the circuit court, and before any
decision was rendered in that court, Henry Miller and others, citi-
zens of Richmond, property owners, &c., on said Broad street,
filed their bill in the chancery court of said city, praying for an
injunction to enjoin and restrain said railroad company from the

use of said steam engines, alleging that it was a nuisance, dangerous and detrimental to them, and all others on said street, alleging also the passage of the ordinance, its violation, and the right of the city council to exercise the power attempted by the ordinance. The railroad company demurred to the bill, on the ground that it did not shew a proper case for relief in equity, and answered denying the existence of the nuisance, and also denying the validity of the ordinance of the city council. On the 1st of June, 1874, the judge of the chancery court refused to grant the injunction, but continued the motion for the same until the legal right should be decided in the case at law then pending in the circuit court. As before stated, the judgment of the circuit court, affirming the judgment of the police justice, was rendered on the 29th of June, 1874, but suspended for ninety days for the company to apply for a writ of error. On the 6th of July, 1874, the plaintiffs in the injunction suit renewed the motion for the injunction, but the chancellor again refused it on the ground he should not interfere while the judgment of the circuit court, establishing the legal right, was suspended by the order of that court. The railroad company obtained a writ of supersedeas to the judgment of the circuit court, but upon a hearing, that judgment was affirmed by the supreme court of appeals of Virginia, and afterwards by the supreme court of the United States. On the 27th October, 1874, during the pendency of the writ of error in the case from the circuit court in the court of appeals, the plaintiffs in the injunction suit again applied to the chancellor for the injunction, but he again refused to grant it, and from this order of refusal the said plaintiffs appealed. On a motion by the company to dismiss the appeal as improvidently awarded: *held*:

Same—Same—Same—Appeal.

1. The appeal was not improvidently awarded.

Same—Same—Same—Same.

2. The bill shewing upon its face sufficient ground for equitable relief, it was not demurrable.

Same—Same—Same—Same.

3. The chancellor ought to have granted the injunction, notwithstanding the pendency of the writ of error from the judgment of the circuit court; the plaintiffs in the injunction suit were not bound to submit to the invasions of their rights, and to incur hazards to life and property during the pendency of the writ of error in this court.

From the chancery court of the city of Richmond.

The points decided are sufficiently stated in the headnotes.

*James Lyons* and *W. P. Burwell,* for the appellants.

*P. V. Daniel, John O. Steger, Ould & Carrington* and *Conway Robinson,* for the appellees.

ANDERSON, J., delivered the opinion of the court, in which the other judges concurred, except Moncure, P., who did not sit in the case.

Decree reversed.